IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DANIEL L. KOMACEK,                          )
                                            )
            Plaintiff,                      )
                                            )
      vs.                                   )      No. 2:26-cv-00250
                                            )
FRICK FINANCIAL FEDERAL CREDIT              )
UNION, formerly known as Frick Tri-         )
County Federal Credit Union,                )
                                            )
            Defendant.                      )

## AMENDED COMPLAINT

AND NOW, comes the Plaintiff, Daniel L. Komacek, by and through his attorneys, Samuel J. Pasquarelli, Esquire and Sherrard, German & Kelly, P.C. and files this Amended Complaint against the Defendant, Frick Financial Federal Credit Union, a corporation organized and existing under the laws of the United States of America, averring in support thereof the following:

1.     This is a proceeding seeking damages against the Defendant, and all other available relief under the Federal Credit Union Act, 12 U.S.C. § 1751, *et seq*. and 12 U.S.C. § 1790-b, and under the Declaratory Judgment Act, 28 U.S.C. § 2201.

## II.  JURISDICTION AND VENUE

2.     Jurisdiction over the claims against the Defendant is proper under 12 U.S.C. § 1751, *et seq*. and 12 U.S.C. § 1790-b.  Jurisdiction also exists under  28 U.S.C. § 1331. Jurisdiction over

1

the Declaratory Judgment claims is proper under 28 U.S.C. §2201.  Jurisdiction over all claims is proper under 28 U.S.C. § 1331.

3.     Venue in the Western District of Pennsylvania is proper under 28 U.S.C. §§ 1391 (b)(1) and 1391 (c)(2).

## PARTIES

4.     The Plaintiff is an individual who resides in Washington County, Pennsylvania, in the Western District of Pennsylvania.  At all times relevant to this matter, the Plaintiff was a management employee of the Defendant, Frick Financial Credit Union, and he worked at the Defendant's office in Uniontown, Fayette County, Pennsylvania, in the Western District of Pennsylvania.

5.     The Defendant is a financial institution, namely a federal credit union.  The Defendant was formed and incorporated under the National Credit Union Act, 12 U.S.C. § 1751, *et seq*.

6.     The Defendant maintains its office and principal place of business in Uniontown, Fayette County, Western District of Pennsylvania.

7.     The Defendant engages in the business of making loans to its members, offering checking and savings accounts to its members and generally engaging in banking practices and the banking business.  The Defendant was formerly known as Frick Tri-County Federal Credit Union.

8.     The Defendant currently and at all times relevant to this cause of action does and did business in the Western District of Pennsylvania, especially in the counties of Washington, Fayette, Greene and Westmoreland.

2

## **FACTS**

9.      The Defendant hired the Plaintiff into the position of President and Chief Executive Officer of the Defendant on June 21, 2021.

9.      The Plaintiff was a member of the Defendant credit union during the entire period of his employment with the Defendant, having established one or more bank accounts with the Defendant.

10.     In the year 2022, the Defendant's bylaws provided that an annual meeting of the Defendant's members was to be held no later than April 30, 2022.

11.     In the year 2022, the Defendant's bylaws provided that members of the Defendant's Board of Directors were to be elected at the annual meeting of the Defendant's members by a vote of those members.

12.     In the year 2022, the Defendant's bylaws provided that prior to the annual meeting, a nomination committee composed of members of the Defendant's Board of Directors was required to prepare a list of suggested candidates for positions on the Defendant's Board of Directors that needed to be filled at that meeting, and elections for those positions were to be conducted at the annual meeting.

13.     In the year 2022, the Defendant's bylaws provided that before voting commenced at the annual meeting for the election of members to the Defendant's Board of Directors, nominations for positions on the Board of Directors were also to be solicited from the members of the Defendant credit union who were in attendance at the annual meeting and that any nominees proposed by members at the annual meeting were to be placed on the slate of candidates who were to be voted upon at the annual meeting.

3

14. The Defendant's Board of Directors held a regular monthly meeting on April 19, 2022.

15. At the aforesaid regular monthly meeting of April 19, 2022, the following events occurred-

a. A member of the Board of Directors instructed the secretary of that meeting not to take any minutes of the meeting;

b. The secretary of that meeting did not take any minutes of the meeting:

c. The terms of two incumbent members of the Board of Directors were scheduled to expire at the conclusion of the 2002 annual meeting;

d. There was at least one credit union member who desired to be nominated for a seat on the Board of Directors so that he could participate in the election for such position;

e. The nomination committee referred to in Paragraph 12 of this Complaint had selected the aforesaid two incumbent members of the Board of Directors to be nominated for re-election at the annual meeting;

f. The member of the Board of Directors who directed that no minutes of the regular monthly meeting of the Board of Directors held on April 19, 2022 be taken suggested that, contrary to the Defendant's bylaw, no nominations be solicited from the members in attendance at the annual meeting, thus ensuring that the two incumbents would be re-elected;

g. The members of the Board of Directors agreed at their regular monthly meeting of April 19, 2022, that no nominations would be solicited from members in attendance at the upcoming annual meeting.

16. The Defendant's annual meeting for 2022 was held on May 7, 2022, in violation of the terms of the bylaws of the Defendant credit union.

4

4938-4763-5546, v. 1

17.     Although members of the Defendant credit union attended the annual meeting, no nominations for positions on the Defendant's Board of Directors were solicited from them.

18.     Since the two incumbent Board members nominated by the Defendant's Board of Directors were not opposed by others since no nominations were permitted from members attending the2022  meeting, the incumbent members of the Defendant's Board of Directors were re-seated to their positions for new terms of three years each.

19.     Federal credit unions such as the Defendant are subject to the jurisdiction of a federal agency known as the National Credit Union Administration ("NCUA"), and as a federal credit union, it is bound by the rules and regulations of the NCUA.

20     One of the rules and regulations of the NCUA is that federal credit unions must follow the procedures set forth in their bylaws when they conduct elections for positions on their Board of Directors.

21.     The Plaintiff, as a member of the Defendant credit  union, advised the members of the Board of Directors that they violated the bylaws of the Defendant in the conduct of the 2022 election for positions on the Board of Directors by not allowing nominations from members at the 2022 annual meeting.

22.     The Plaintiff advised the members of the Board of Directors that they should take appropriate steps to rectify the situation described in the preceding paragraph of this complaint.

23.     The Plaintiff advised the members of the Board of Directors that if they did not rectify the error that they committed at the 2022 annual meeting by failing to allow members in attendance to nominate individuals to seek election to the Defendant Board of Directors, he would file a complaint with the NCUA, alleging that the Board of Directors willfully violated the Defendant's bylaws.

4938-4763-5546, v. 1

24.     The Plaintiff advised the members of the Board of Directors that it was his duty as a member of the Defendant credit union and an employee of the Defendant credit union who had personal knowledge that the Defendant's bylaws were violated and that the violation was a violation of the NCUA's regulations, to report the violation to the NCUA.

25.     The Plaintiff then reported the aforesaid events to the NCUA by filing a complaint with the NCUA, alleging that the Defendant had violated its bylaws and NCUA regulations as described above..

26.     Upon conducting an investigation of the matters raised by the Plaintiff, the NCUA, at some time in 2023, ordered the Defendant to cause the two positions on the Defendant's Board of Directors which were filled at the May 7, 2022 annual meeting to be vacated and voted upon again, in accordance with the Defendant's bylaws, at the Defendant's next annual meeting.

27.     At the 2023 annual meeting, one of the incumbent members of the Defendant's Board of Directors was voted out of office.

28.     After the Plaintiff filed his complaint with the NCUA, the Defendant took the following actions—

        a.      Within twenty-two days of the filing of the complaint with the NCUA, the Defendant's Board of Directors removed him from the Defendant's Personnel Committee, a position that he has held since he was hired;

        b.      While the Board of Directors at its May, 2023 meeting routinely approved an annual salary increase for all other employees of the Defendant for the year 2023 and did not require those employees to provide any documentation of their performance or accomplishments to obtain that increase, the Plaintiff was advised that his salary increase for 2023 was rejected;

        c.      The Plaintiff was required to provide a list of his accomplishments for the

6

4938-4763-5546, v. 1

Board of Directors to review and approve before he was considered for a salary increase for 2023;

     d.     Although the Plaintiff provided this list to the Defendant in 2023, he was not given a salary increase;

     e.     After providing the above list, the Plaintiff inquired about his annual increase, since no annual increase had been paid to him by that time;

     f.     In answer to the above inquiry, the Plaintiff was advised at the January 2024 monthly meeting of the Defendant's Board of Directors that the Board of Directors "was working on something special for [him]";

     e.     Ever since the Plaintiff filed his complaint with the NCUA, the Defendant's treatment of and manner of dealing with the Plaintiff changed remarkably and evidenced a distrust of the Plaintiff as an employee of the Defendant.

29.     The Defendant terminated the Plaintiff's employment on February 27, 2024 at its Board of Directors meeting held on that day.

30.     The reasons ultimately provided to the Defendant that his performance in his position was unsatisfactory was the cause of the termination of his employment were untrue and were pretextual.

31.     The Plaintiff believes and therefore avers that his termination of employment was in retaliation for him filing the aforesaid complaint with the NCUA for the following reasons-

     a.     The Plaintiff always performed the duties of his position in an exceptional way;

     b.     The Plaintiff received the same annual salary increases as all other employees for the year 2022;

4938-4763-5546, v. 1

c.     For the years 2022 and 2023, the Plaintiff and his staff all met or exceeded the goals set for them by the Defendant's Board of Directors and they all received the annual incentive bonus paid for equaling or exceeding those goals for their performances in those years;

d.     For the year 2023, the Plaintiff met or exceeded the goals set for him by the Defendant's Board of Directors and he received the annual incentive bonus paid for equaling or exceeding those goals for his performance in that year, so work performance could not have been the basis for his termination;

e.     Ever since the Defendant hired him and though January 23, 2024, the Plaintiff has attended all meetings of the Defendant's Board of Directors, and he was also notified in advance if a meeting was changed;

f.     The February 2024 meeting of the Defendant's Board of Directors was originally scheduled for February 20, 2024.  It was changed to February 27, 2024 but the Plaintiff was not notified of the change and thus did not attend that meeting.  He was discharged from employment before the meeting took place that day.

g.     Until the Plaintiff was fired, he was never advised that his work performance was unsatisfactory.

32.     It is a violation of the Federal Credit Union Act at 12 U.S.C.. § 1790-b for the Defendant to discharge or otherwise discriminate against the Plaintiff with respect to compensation, and/or terms, conditions or privileges of employment because he provided information to the NCUA regarding a possible violation of any law or regulation by ither the Defendant or any of its officers or directors.

33.     The Plaintiff believes and therefore avers that, for the reasons set forth herein, the Defendant terminated the Plaintiff's employment on February 27, 2024 because he reported a

8

violation of NCUA regulations to the NCUA, namely the Defendant's intentional subversion of the election requirements of its bylaws at the May 7,2022 annual meeting of the Defendant's members.

34. The Defendant's termination of the Plaintiff's employment was an arbitrary and willful act which was engaged in because the Plaintiff followed the requirements of the legislation and regulations applicable to the Defendant's manner of conducting its affairs by filing his complaint with the NCUA.

35. As a result of the Defendant's conduct as averred herein, the Plaintiff has been injured in the following particulars;

    a. He was deprived of the income that he would have earned if his employment had not been terminated;

    b. He was deprived of the other benefits attendant to his employment, such as, but not limited to, medical and retirement benefits;

    c. He was deprived of expense reimbursement that the bylaws of the Defendant required him to be reimbursed for;

    d. He continues to be deprived of the items set forth in sub-paragraphs a and b of this Paragraph 35;

    e. The Plaintiff's reputation and standing in the Western Pennsylvania financial community has been disparaged and adversely affected;

    f. In spite of the Plaintiff's search for alternate employment, he has not been able to obtain employment with wages and benefits comparable to those provided to him under his employment arrangement with the Defendant

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs seek the following relief:

9

a.   Reinstatement to his position as President and Chief Executive Officer of Frick Financial Federal Credit Union;

b.   Reimbursement from February 27, 2024 to the date of reinstatement to the position of President and Chief Executive Officer of Frick Financial Federal Credit Union of all lost salary, reimbursement of expenses, and benefits of employment that he would have earned as President and Chief Executive Officer of Frick Financial Federal Credit Union, less any interim earnings;

c.   If not reinstated as President and Chief Executive Officer of Frick Financial Federal Credit Union, reimbursement from February 27, 2024 to the date of the verdict in this case of all lost salary and benefits of employment that the Plaintiff would have been entitled to as President and Chief Executive Officer of Frick Financial Federal Credit Union, less any interim earnings, and compensation for all future losses of salary, wages and benefits of employment had he been continued in the position of President and Chief Executive Officer of Frick Financial Federal Credit Union;

d.   Reimbursement to the Plaintiff for all expenses incurred by him during the term of his employment which have been routinely reimbursed to him but which were not reimbursed when he was discharged;

e.   Payment to Plaintiff of any other compensatory damages to which the Court finds that the Plaintiff is entitled to;, and

f.   All other relief to which your Honorable Court determines that the Plaintiff is justly and properly entitled to.

10

4938-4763-5546, v. 1

Respectfully submitted,

SHERRARD, GERMAN & KELLY, P.C.

/s/ Samuel J. Pasquarelli
Samuel J. Pasquarelli, Esquire
PA ID #00906
535 Smithfield Street
Suite 300
Pittsburgh, PA  15222
(412) 355-0200
sjp@sgkpc.com
Attorneys for Plaintiffs

11